UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN ANTHONY SPENCER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS,<br>FEDERAL PRISON CAMP - DULUTH MN,<br>SEVERAL UNNAMED CORRECTIONS<br>OFFICERS, WARDEN, OR THE ACTING<br>WARDEN THEREIN,<br><br>　　　　Defendants. | Civil No. 13-177 (JNE/AJB)<br><br>**REPORT AND RECOMMENDATION** |

　　Plaintiff, a federal prisoner, commenced this action by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) Because Plaintiff is a prisoner, his IFP application could not be granted without payment of an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). The Court previously ordered Plaintiff to pay his initial partial filing fee, (see Order dated January 23, 2013, [Docket No. 6]), and Plaintiff did so, (see Docket No. 9).

　　However, Plaintiff filed a motion to amend his complaint, (Docket No. 4), which was pending when his initial partial filing fee was remitted, and the Court elected to address that motion before ruling on Plaintiff's IFP application. The Court found that Plaintiff should be granted leave to amend, and, in fact, the Court determined that Plaintiff would be required to file an amended complaint if he intended to continue to prosecute this action, because his initial pleading was plainly defective. (See Order dated February 19, 2013, [Docket No. 15].) Thus, the order granting Plaintiff's motion to amend expressly advised him that if he

did not file an amended complaint by March 22, 2013, he would be deemed to have abandoned this action, and it would be recommended that this case be summarily dismissed (without prejudice) pursuant to Fed. R. Civ. P. 41(b).  (Id.)

The deadline for filing an amended complaint has now expired.  To date, however, Plaintiff has not complied with the Court's last order, nor has he offered any excuse for his failure to do so.  Therefore, the Court will now recommend, in accordance with the prior order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's still pending IFP application, as well as his pending "motion for clarification prayer for expedited relief (injunction)," (Docket No. 8), and his motion "for expedited relief as requested previously," (Docket No. 17), be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2.  Plaintiff's "motion for clarification prayer for expedited relief (injunction)," (Docket No. 8), be **DENIED**;

3. Plaintiff's motion "for expedited relief as requested previously," (Docket No. 17),

be **DENIED**; and

4. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 4, 2013

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 19, 2013.